O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| ANN GRAF, | ) | Case No. EDCV 10-1197-MLG |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration, | ) | |
| Defendant. | ) | |

Plaintiff Ann Graf seeks judicial review of the Social Security Commissioner's denial of her application for Social Security Disability Insurance ("SSDI") benefits. For the reasons stated below, the decision of the Commissioner is reversed, and the matter is remanded for an award of benefits.

**I.   Facts and Procedural Background**

Plaintiff was born on August 15, 1950. She completed high school and has work experience as a payroll clerk, deli coordinator/cashier and switchboard operator. (Administrative Record ("AR") 22, 23, 109.) Plaintiff filed her application for SSDI benefits on October 10, 2006, alleging disability beginning

1

September 22, 2005, due to fibromyalgia, back and neck pain, ringing in the ears, dizziness and headaches. (AR 32.) Her application was denied initially on June 26, 2007, and upon reconsideration on October 4, 2007. (AR 33-36, 38-42.) An administrative hearing was held on June 2, 2008, before Administrative Law Judge ("ALJ") F. Keith Varni. Plaintiff was represented by counsel and testified on her own behalf. (AR 20-30.)Neither a medical expert nor a vocational expert testified at the hearing.

ALJ Varni issued an unfavorable decision on June 30, 2008. (AR 10-17.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, and that Plaintiff suffered from a severe impairment of the musculoskeletal system and obesity. (AR 12.) The ALJ determined that these severe impairments, alone or in combination, did not meet the requirements of a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1.(AR 13.) The ALJ concluded that Plaintiff could return to her past relevant work as a payroll clerk and was therefore not disabled under the Social Security regulations. (AR 16-17.)

The Appeals Council denied review on June 23, 2010, and Plaintiff timely commenced this action for judicial review. On March 4, 2011, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues, including the following claims of error: (1) the ALJ failed to provided sufficient reasons for rejecting Plaintiff's testimony; (2) the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Stephen Owen; (3) the ALJ failed to provide legally sufficient reasons for rejecting the opinion of Plaintiff's

1 treating physician, Dr. Raj Karnani; and (4) the ALJ did not

2 correctly employ the standards set out in 20 C.F.R. § 404.1527 when

3 weighing the medical opinions. (Joint Stip. 3.) Plaintiff asks the

4 Court to reverse and order an award of benefits. (Joint Stip. 31.)

5 The Commissioner requests that the ALJ's decision be affirmed, or

6 in the alternative, remanded for further administrative

7 proceedings. (Joint Stip. 31-32.)

8

9 **II.   Standard of Review**

10    Under 42 U.S.C. § 405(g), a district court may review the

11 Commissioner's decision to deny benefits. The Commissioner's

12 decision must be upheld unless "the ALJ's findings are based on

13 legal error or are not supported by substantial evidence in the

14 record as a whole." *Tackett v. Apfel*, 180 F.3d 1094 (9th Cir.

15 1999); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

16 Substantial evidence means more than a scintilla, but less than a

17 preponderance; it is evidence that a reasonable person might accept

18 as adequate to support a conclusion. *Lingenfelter v. Astrue*, 504

19 F.3d 1028, 1035 (9th Cir. 2007)(citing *Robbins v. Soc. Sec. Admin.*,

20 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether

21 substantial evidence supports a finding, the reviewing court "must

22 review the administrative record as a whole, weighing both the

23 evidence that supports and the evidence that detracts from the

24 Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720

25 (9th Cir. 1996). "If the evidence can support either affirming

26 or reversing the ALJ's conclusion," the reviewing court "may not

27 substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at

28 882.

3

**III. Discussion**

  **A. The ALJ Improperly Rejected Plaintiff's Subjective Symptom Testimony**

  Plaintiff contends that the ALJ failed to provide clear and convincing reasons for discrediting her subjective symptom testimony. (Joint Stip. 3.) At the hearing, Plaintiff testified that her impairments cause constant pain, achiness throughout her body, constant headaches, and irritability. She testified that she has difficulty sleeping and can only sleep from five to seven hours per night if she takes sleep medication. (AR 26.) She also testified that she suffers from various side effects from her pain medication, including being light-headed and dizzy. Some days she could not get out of bed because of the pain. (AR 23-24.) In addition, Plaintiff said that she is able to sit for 15 or 20 minutes on average, stand for approximately 5 or 10 minutes and lift no more than approximately eight pounds. (AR 25-26.)

  To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter* 504 F.3d at 1035-36). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341,

1  345 (9th Cir. 1991) (en banc). To the extent that an individual's

2  claims of functional limitations and restrictions due to alleged

3  pain is reasonably consistent with the objective medical evidence

4  and other evidence in the case, the claimant's allegations will be

5  credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§

6  404.1529(c)(4), 416.929(c)(4)).[1]

7       Unless there is affirmative evidence showing that the claimant

8  is malingering, the ALJ must provide specific, clear and convincing

9  reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d

10 at 883. "General findings are insufficient; rather, the ALJ must

11 identify what testimony is not credible and what evidence

12 undermines the claimant's complaints." *Reddick*, 157 F.3d at 722

13 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The

14 ALJ must consider a claimant's work record, observations of medical

15 providers and third parties with knowledge of claimant's

16 limitations, aggravating factors, functional restrictions caused

17 by symptoms, effects of medication, and the claimant's daily

18 activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir.

19 1996). The ALJ may also consider an unexplained failure to seek

20 treatment or follow a prescribed course of treatment and employ

21 other ordinary techniques of credibility evaluation. *Id.* (citations

22 omitted).

23       Here, the ALJ concluded that Plaintiff's medically

24

25       [1] "The Secretary issues Social Security Rulings to clarify the
26 Secretary's regulations and policy .... Although SSRs are not
   published in the federal register and do not have the force of law,
27 [the Ninth Circuit] nevertheless give[s] deference to the
   Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d
28 at 346 n.3.

determinable impairments could "produce some of the alleged symptoms." (AR 14.) However, the ALJ rejected Plaintiff's description of her symptoms "to the extent they are inconsistent" with the ALJ's assessment that Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work as a payroll clerk. (Id.) Essentially, this means that the ALJ rejected Plaintiff's testimony that she suffers from chronic pain, headaches, and dizziness, and that she is limited in her ability to walk, sit, stand, and lift more than eight pounds. Because there was no evidence of malingering, the ALJ was required to provide clear and convincing reasons for rejecting this testimony.

The ALJ provided three reasons for rejecting Plaintiff's testimony. First, the ALJ stated that "there is no objective evidence to support a diagnosis of fibromyalgia ... [t]here have not been any clinical or diagnostic tests and the reported 'diagnosis' has been by history only." (AR 12.) The ALJ then summarized the medical evidence from 2003 to 2008, and concluded that "[t]he overall evidence does not show that the degree of severity of [Plaintiff's] impairments is commensurate with [her] allegations of disability." (Id.)

Contrary to the ALJ's statement that there was no objective evidence to support a diagnosis of fibromyalgia, Plaintiff has been diagnosed on multiple occasions with fibromyalgia. On June 2, 2000, Dr. Myron E. Chu, D.O., of the Indiana Arthritis Center, examined Plaintiff and found that she had tenderness at 18 of 18 "tender

1  points" on the body in a test for fibromyalgia.[2] (AR 501.) In

2  addition, Plaintiff's treating physicians, Drs. Stephen Owen, M.D.

3  and Raj Karnani, M.D., both diagnosed Plaintiff with fibromyalgia

4  in 2006 and 2007. (AR 222-238, 240-249, 310-317, 325, 354, 359,

5  451.) Consistent with Dr. Chu's earlier opinion, on July 10, 2006,

6  Dr. Karnani found that Plaintiff had "trigger point tenderness on

7  her joints as well as over her shoulders, her spine, her elbows,

8  hips, knees, and ankles." (AR 226.)

9       As noted by the Ninth Circuit, fibromyalgia "is diagnosed

10 entirely on the basis of patients' reports of pains and other

11 symptoms," and, although there is a "set of agreed-upon diagnostic

12 criteria ..., there are no laboratory tests to confirm the

13 diagnosis." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004).

14 Here, the ALJ erred by "effectively requir[ing] 'objective' medical

15 evidence for a disease that eludes such measurement." *Id.* at 594

16 (citation omitted). Thus, the ALJ was not entitled to discredit

17 Plaintiff's testimony merely because the objective evidence did not

18 corroborate the severity of the symptoms. *Reddick*, 157 F.3d at 722;

19 *Bunnell*, 947 F.2d at 345; *Light v. Soc. Sec. Admin*, 119 F.3d 789

20 (9th Cir. 1997) ("[B]ecause a claimant need not present clinical or

21 diagnostic evidence to support the severity of his pain ... a

22 finding that the claimant lacks credibility cannot be premised

23

24        [2] In 1990, the American College of Rheumatology issued a set
25 of agreed-upon guidelines for diagnosing fibromyalgia, which
   primarily include widespread pain in all four quadrants of the
26 body and at least 11 of the 18 specified tender points on the
   body.
27

28

7

1  wholly on a lack of medical support for the severity of his pain.")

2  (internal citation omitted).

3       In addition, the ALJ found Plaintiff's subjective pain

4  testimony not entirely credible based upon an alleged lack of

5  muscle atrophy. The ALJ stated, "A common side effect of prolonged

6  and/or chronic pain is diffuse atrophy of the upper extremities due

7  to lack of use. There is no record of claimant regarding diffuse

8  atrophy of the upper extremities due to lack of use. It can be

9  inferred that although claimant experiences some degree of pain in

10 her body that pain has apparently not altered her use of her

11 muscles to the extent that it has resulted in diffuse atrophy." (AR

12 14.) There is no foundation in the record to support the ALJ's

13 contention that muscle atrophy must be present in order to

14 demonstrate chronic, pervasive pain. Because the ALJ "is not

15 qualified as a medical expert," it was improper for him to go

16 "outside the record ... for the purpose of making his own

17 exploration and assessment as to [Plaintiff's] physical condition."

18 *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

19      Next, the ALJ discredited Plaintiff's symptom testimony based

20 upon her history of alleged conservative treatment. The ALJ stated,

21 "The claimant received very minimal and conservative treatment

22 consisting of physical therapy and medications. She has never had

23 injections or been recommended surgery as a treatment option." (AR

24 15.) Where a "claimant complains about disabling pain but fails to

25 seek treatment, or fails to follow prescribed treatment, for the

26 pain, an ALJ may use such failure as a basis for finding the

27 complaint unjustified or exaggerated." *Orn v. Astrue*, 495 F.3d 625,

28 638 (9th Cir. 2007). However, there is nothing in the medical

8

record to suggest that Plaintiff's doctors ever recommended injections or surgery for Plaintiff's fibromyalgia, nor that Plaintiff was noncompliant with or ever refused any prescribed treatment. Indeed, there is nothing in the record to show that surgery or injections are medically available or acceptable treatments for fibromyalgia.

Plaintiff's history of complaints and attempts to obtain relief for her pain allegations are well documented. (*See, e.g.*, AR 184, 201, 222-223, 225, 228, 269, 325, 428, 436-437.) See Social Security Regulation ("SSR") 96-7P, 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements."). The ALJ's rejection of Plaintiff's subjective complaints based upon his personal views regarding fibromyalgia was clearly improper and erroneous.

In sum, each of the ALJ's reasons for rejecting Plaintiff's testimony was either legally improper or unsupported by substantial evidence in the record.

**B.   Award of Benefits**

Upon determining that the Commissioner erred in denying benefits, the Court may remand the case for further proceedings or award benefits. When an ALJ fails to provide proper reasons for discrediting a claimant's symptoms, courts have "some flexibility" in determining the appropriate remedy. *Vasquez*, 572 F.3d at 593 (citing *Connett*, 340 F.3d at 876). In general, crediting a

1  claimant's testimony as true is appropriate where an ALJ has failed

2  to provide adequate reasons for rejecting the testimony, there are

3  no outstanding issues to be resolved before a determination of

4  disability can be made, and it is clear that the ALJ would be

5  required to find the claimant disabled if the testimony was

6  credited. *Crismore v. Astrue*, 669 F.Supp.2d 1194, 1202-03 (D.Mont.

7  2009) (citing *Smolen*, 80 F.3d at 1293, and analyzing recent cases).

8  Where this test is met, a court will not remand solely to allow the

9  ALJ to make specific findings regarding excessive pain testimony.

10  Rather, the court takes the relevant testimony as true and remands

11  for an award of benefits. *See Benecke*, 379 F.3d at 593 (remanding

12  case for award of benefits where ALJ erred in discounting

13  credibility of claimant's testimony about severity of her

14  fibromyalgia symptoms).

15      Here, the ALJ failed to provide legally sufficient reasons for

16  discounting Plaintiff's testimony. Further, if Plaintiff's

17  testimony regarding her severe pain and serious physical

18  limitations were credited as true, it is quite clear that no jobs

19  would be available in the national or local economy, and the ALJ

20  would be required to find Plaintiff disabled. There being no

21  outstanding issues to resolve through further administrative

22  proceedings, an award of benefits is appropriate.[3]

23  //

24  //

25  //

26

27      [3] Given that Plaintiff is entitled to benefits based on the
   ALJ's error in rejecting her symptom testimony, it is unnecessary
28  to resolve her other claims of error.

**IV.   Conclusion**

    For the reasons stated above, the decision of the Commissioner

reversed, and the matter is remanded for an award of benefits.


Dated: March 11, 2011

_____
Marc L. Goldman
United States Magistrate Judge

11